In the Matter of JULIUS OPPENHEIMER, Respondent, against GEORGE C. KRAUS, as Building Inspector of the Village of Floral Park, et al., Appellants.

*Municipal corporations — building permit — mandamus to compel approval of plans and issuance of building permit properly granted.*

Matter of Oppenheimer v. Kraus, 221 App. Div. 773, affirmed.
(Argued October 10, 1927; decided October 25, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 24, 1927, which affirmed an order of Special Term granting a motion for a peremptory order of mandamus to compel approval of plans and issuance of a building permit for the erection of a building at the corner of Jericho turnpike and Vanderbilt avenue in the village of Floral Park.

*George Trosk* and *L. Hamilton Rainey* for appellants.
*Edward L. Frost* for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

EDWIN W. PARSIL, Respondent, *v.* " ONYX " HOSIERY, INC., Appellant.

*Pleading — contract — services — ultra vires — action to recover unpaid salary and damages for breach of contract of employment — complaint improperly dismissed.*

Parsil v. " Onyx " Hosiery, Inc., 220 App. Div. 148, affirmed.
(Argued October 10, 1927; decided October 25, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 8, 1927, which reversed an order of Special Term granting a motion, by defendant, for dismissal of the complaint and denied said motion. The action was to recover unpaid salary and damages for breach of a contract providing for payment of a salary

and guaranteeing payment of dividends on stock held by plaintiff during his employment. Defendant contended that the contract was *ultra vires*.

The following questions were certified:

" 1. Does the first cause of action alleged in the complaint state facts sufficient to constitute a cause of action?

" 2. Does the second cause of action alleged in the complaint state facts sufficient to constitute a cause of action? "

*Abraham I. Spiro* for appellant.

*Charles Robert Bailey* for respondent.

Order affirmed, with costs; first and second questions answered in the affirmative; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

JULIUS PENNACHIO, as Administrator of the Estate of HENRY PENNACHIO, Deceased, Appellant, *v.* JERSEY ICE CREAM COMPANY, INC., Respondent.

*Appeal — motion to dismiss denied.*

Reported below, 217 App. Div. 710.

(Submitted October 17, 1927; decided October 25, 1927.)

MOTION to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered June 25, 1926, modifying a judgment in favor of defendant entered upon a verdict directed by the court so as to direct a dismissal of the complaint and as so modified unanimously affirming such judgment.

The motion was made upon the ground that permission to appeal had not been obtained.

*George B. Smith* for motion.

*Ernest P. Lyons* opposed.

Motion denied, with ten dollars costs.